IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven J. Lantz,
    Plaintiff   :   Civil Action 2:08-cv-966

v.   :   Judge Watson

Michael J. Astrue,   :   Magistrate Judge Abel
Commissioner of Social Security,
    Defendant   :

**ORDER**

This matter is before the Court on defendant's December 7, 2009 objections to Magistrate Judge Abel's November 20, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that defendant's objections are without merit and this case must be remanded to the Commissioner.

Plaintiff Lantz alleges he became disabled at age 35 by HIV infection and a brain tumor, major depressive disorder, chronic pain anxiety disorder and uncontrolled muscle disorder. The administrative law judge held that Lantz retained the ability to perform a reduced range of work having light exertional demands. The administrative law judge rejected the opinions of Lantz's two treating infectious disease specialists, Dr. Anderson and Dr. Murry, that he was disabled. The administrative law judge did not state what weight he gave their opinions. The Magistrate Judge concluded that the administrative law judge committed reversible error by failing to state what weight, if any, he gave to the opinions of Doctors Anderson and Murry. Even where the administrative law judge determines not to give the opinion of a treating physician controlling weight, Social Security regulations and the law of the Sixth Circuit

nonetheless require the administrative law judge to determine and articulate on the record the amount of weight given to the opinion. See 20 C.F.R. § 404.1527(d); Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004). Social Security Ruling 96-2p

Defendant argues that remand is not warranted because review of the decision clearly shows the weight the administrative law judge gave the opinions of Doctors Anderson and Murry, based on the administrative law judge's analysis of the medical expert testimony, the record evidence, and his ultimate residual functional capacity findings. Consequently, defendant argues, any error was harmless and does not warrant remand. Hickey-Haynes v. Barnhart, No. 03-2475, 2004 WL 2725964, at *5 (6th Cir. Dec. 1, 2004). Defendant asserts that Dr. Murry's opinion on disability was extreme despite the fact that by March 2004 plaintiff Lantz told Murry that he was doing fairly well. (R. 154-56.) Defendant characterizes the treatment prescribed by Dr. Murry as conservative and suggests that his April 2004 letter stating the opinion that Lantz was unable to work was not credible. Defendant characterizes Dr. Anderson's opinion as both extreme and conclusory. (R. 284.)

The administrative law judge rejected the opinions of Drs. Murry and Anderson:

> Under Social Security Ruling 96-2p, a medical opinion provided by a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and the opinion is not inconsistent with the other substantial medical and non medical evidence in the case record. Drs. Murry and Anderson both reported that the claimant was disabled from all work activity (Exhibits IF, page 1 and 14F, page 12). However, neither opinion is supported by the physicians' treatment notes: Dr. Murry's chart notes indicate that the claimant was doing fairly well (Exhibit IF, page 3). Dr. Anderson reported that the claimant experienced wasting syndrome, which is inconsistent with the claimant's testimony that he had gained twenty-five pounds in the

past six months. The physician's diagnosis of advanced AIDS is inconsistent with his chart notes that indicate that the claimant's viral load was undetectable and his CD4 cell counts were greater than 600 (Exhibit I4F, page 13). As neither medical opinion is well-supported by the objective medical evidence of record, they cannot be accepted.

(R. 25-26.) The Report and Recommendation concludes that the Commissioner's own regulations require remand:

> To be afforded controlling weight, the opinion of a treating physician must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and must not be inconsistent with other substantial evidence in the record. See Walters, 127 F.3d at 530; 20 C.F.R. § 404.1527(d)(2). Because Dr. Anderson and Dr. Murry's assessments that Lantz was unable to perform even sedentary work activity was not supported by their own records or the other substantial evidence of record, the administrative law judge was not bound to give the treating physician's opinion controlling weight. Walters, 127 F.3d at 530.
> Nevertheless, the administrative law judge committed reversible error by failing to state what weight, if any, he gave to the opinions of Dr. Anderson and Dr. Murry. Even where the administrative law judge determines not to give the opinion of a treating physician controlling weight, Social Security regulations and the law of the Sixth Circuit nonetheless require the administrative law judge to determine and articulate on the record the amount of weight given to the opinion. See 20 C.F.R. § 404.1527(d); Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004). Social Security Ruling 96-2p provides in relevant part:
>> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' *not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.*
> SSR 96-2p (emphasis added). As explained by the Court in Wilson, "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors--namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the

opinion with the record as a whole, and the specialization of the treating source--in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544 (discussing 20 C.F. R. § 404.1527(d)(2)). The administrative law judge must satisfy the clear procedural requirement of giving "good reasons" for the weight accorded to a treating physician's opinion: "[A] decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' Social Security Ruling 96-2p, 1996 WL 374188, at *5 (1996)." *Wilson*, 378 F.3d at 544. The specific reasons requirement exists not only to enable claimants to understand the disposition of their cases, but to ensure "that the ALJ applies the treating physician rule and permit meaningful review of the ALJ's application of the rule." *Id.* Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the administrative law judge's failure to observe the requirements for assessing weight to a treating physician not warrant a reversal. *Id.* at 547.

In the instant case, the administrative law judge rejected Dr. Murry's assessment that Lantz was "unable to work and drive on a permanent basis," (R. 154.) and Dr. Anderson's assessment that employment "would be detrimental to his [Lantz's] health" (R. 284.). The administrative law judge declined to give "controlling weight" to the treating physician's opinions and therefore erred by failing to indicate what weight he did give to Dr. Murry's and Dr. Anderson's opinions. *Wilson*, 378 F.3d at 544. The administrative law judge's decision is not "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Wilson*, 378 F.3d at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5). *See also Hall v. Commissioner*, 148 Fed. Appx. 456, 461 (6th Cir. 2005). The administrative law judge's decision does not discuss the regulatory factors, namely the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of his opinions, the consistency of the opinions with the record as a whole, and the specialization of the treating source, and state the weight they led him to attach to the treating physicians' opinions. The Court cannot say that Dr. Murry's and Dr. Anderson's opinions are "so patently deficient that the Commissioner could not possibly credit it" to excuse the administrative law judge's failure in this case. By failing to consider the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight to be given the opinions of Dr. Murry and Dr. Anderson, the administrative law judge's rejection of the treating physician's assessment of Lantz's functional capacity is not supported by substantial evidence. The administrative law judge's decision in this respect constitutes legal error warranting a reversal and remand of this case for reconsideration of

Lantz's residual functional capacity, with proper analysis of the weight to be given Dr. Murry and Dr. Anderson's opinions consistent with the treating source regulation, 20 C.F.R. § 416.927(d). *Wilson*, 378 F.3d at 546.

November 20, 2009 Report and Recommendation, Doc. 17, at pp. 22-24.

Although the administrative law judge on remand may analyze the opinions of Doctors Murry and Anderson the same way as the Commissioner has here, it nevertheless remains true that the administrative law judge did not follow the Commissioner's regulations and rulings in rendering a decision. While the administrative law judge may choose to discount the opinions of the treating specialists in infectious diseases, the Court cannot say that the error was harmless since they are well-qualified specialists who have treated Lantz and had an opportunity to observe him over a period of time.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

*[signature]*
Michael H. Watson, Judge
United States District Court